Jones, P. J.
These are three actions tried on the merits in the Third District Court of Eastern Middlesex, and now before this Division upon motion of the Westland Housing Corporation, hereinafter referred to as the “corporation,” to dismiss the respective reports for the alleged *356 reason that no copies of the report were filed as required by Rule XXXI of the Rules of the District Courts.
It appears by the docket entries that on July 7, 1938 the report was established and due notice thereof was then given the respective parties and the same was in due time sent to this division. The appealing party, however, -failed to file any additional copies of the report until September 29, 1938, which copies appeared in this division on September 30, 1938. This motion was filed October 6, 1938.
It is true that Rule XXXI of the District Courts provides that a party seeking the report in a case shall also file, within fifteen days after notice of the allowance or the establishment of the same, three additional copies of the report as allowed or established. This, the appealing party failed to do.
This Rule further provides that upon the expiration of said fifteen days the report and briefs shall be forwarded to the Appellate Division. Nowhere in this section is it provided that said report must be dismissed because of the failure to file these additional copies.
It is also to be noted that Rule XXXII of said Rules-provides “If a party whose claim for a report has been allowed or established shall not prosecute the same promptly by preparing the necessary papers * * * as-herein provided, the Appellate Division may upon motion or of its own initiative order the cause to proceed as; though no such claim had been made. ’ ’
It is to be noted that no provision is made by Rule XXXI aforesaid for the dismissal of a case for failure to* file the additional copies of the report, but the provision is that at the end of fifteen days the report with the briefs and' copies of the docket entries shall he forwarded to the *357 Presiding Justice of -the Appellate Division. Hence, as no provision is in the last quoted section made in relation to the failure to file the additional copies of the report and no reference therein is made to any dismissal of the report upon this ground, it is necessary for further examination of the Rules to ascertain what, if any, the rights of the parties may he.
By Rule XXXII, as quoted, the Appellate Division' is given discretionary power to dismiss the report for the failure of the appealing party to file the additional copies of the report within the time specified. But it is to be noted that the language of this rule is permissive only and not mandatory; that is, this division has the power to dismiss the report for failure to file the additional copies of the report, but it also has the power not to so do. The motion in question is based solely upon the failure of the appealing party to comply with Rule XXXI but there is a failure to invoke the aid of this division under Rule XXXII, which rule this division might act under if such action was sought.
We do not think that the end sought can be granted under the rule involved; neither do we think that we should allow the report to be dismissed under our discretionary power under Rule XXXII. This division does not sit after about the last day in June until October in each year. No time has been lost, therefore, by the delay in filing said additional copies of the report. In arriving at this conclusion we are somewhat influenced also by the fact that the motion in question was not filed until October 13, 1938, which seems to indicate that the corporation failed to follow the case with any particular promptness.
Coming to this conclusion, we note the opinion by C. J. Bolster in Kaplan vs. Bell et al., 1 A. D. Rep’s, 508 at p. 511, where the failure to file additional copies of the *358 report, as here, was involved. In this ease, he says “The rule referred to is one of several which set bounds to what the parties may as of right demand shall be done. They do not restrict the right inherent in the court itself to correct substanial error”. In this case, after a full and further consideration of the question last quoted, the court overruled a motion to dismiss because of the failure to file the additional copies of the report.
We, therefore, conclude that the corporation’s motion shall be denied and the three cases shall stand for argument in this division, the corporation to have ten days from the filing of this opinion in the court of origin in which to file briefs in the pending cause.